**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JABBAR NEWSON-BEY,

                    Petitioner,                    Case Number: 2:03-CV-70958

v.                                                 HON. ARTHUR J. TARNOW

GREG MCGUIGGIN,

                    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Jabbar Newson-Bey, a state inmate currently incarcerated at the Newberry

Correctional Facility in Newberry, Michigan, has filed a *pro se* petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his convictions for second-degree

murder, assault with intent to do great bodily harm, and possession of a firearm during the

commission of a felony.  Respondent argues that the petition should be denied because it is

barred by the statute of limitations and, in the alternative, because the claims are procedurally

defaulted.  The Court finds that the petition is barred by the statute of limitations.

### I.  Procedural History

Petitioner's convictions arise from a shooting that occurred in the City of Detroit on April

24, 1998.  Testimony adduced at trial showed the Petitioner became engaged in an argument

with Rita Lewis, followed her into her friend's home and ordered everyone in the home to get on

the floor.  When they did not immediately comply, he pulled out a gun and held it in the air.

Horton Peoples rushed at Petitioner and tried to grab his wrist, the gun discharged.  Two other

men, Kent Lawrence and John Lee, then joined Peoples in attempting to wrestle the gun from

Petitioner.  During the struggle, the gun discharged several more times.  One bullet struck Peoples in the arm, another struck Lawrence.  Lawrence died from the gunshot, which traveled through his lung.  Eventually, Petitioner fled.

Following a jury trial in the Third Judicial Circuit Court, Petitioner was convicted of second-degree murder, assault with intent to do great bodily harm, and possession of a firearm during the commission of a felony.  On February 16, 1999, Petitioner was sentenced to thirty-five to fifty years imprisonment for the second-degree murder conviction, fifteen to thirty years imprisonment for the assault conviction, to be served concurrently with each other and consecutively to a term of two years imprisonment for the felony firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claim:

> The trial judge denied Jabbar Newson his fundamental right to confront and cross-examine the witnesses against him when she forbade defense counsel from using hospital records to impeach the star prosecution witness's testimony about how and when he had suffered a hand injury, where the defense theory was that the prosecution's witness had framed Mr. Newson for a crime he had himself committed, and during the course of which he had incurred the injury.

Petitioner filed a supplemental brief on appeal, in which he presented the following additional claim for relief:

> The jury's request for a re-reading of Yarnell Waller's testimony supports the defense claim that Waller's testimony was critical, and that the error in limiting cross-examination of Waller was prejudicial.

The Michigan Court of Appeals affirmed Petitioner's convictions.  *People v. Newson*, No. 218198 (Mich. Ct. App. June 1, 2001).

Petitioner filed a delayed application for leave to appeal in the Michigan Supreme Court, presenting the following claims:

2

I.      The trial judge denied Jabbar Newson his fundamental right to confront and
        cross-examine the witnesses against him when she forbade defense counsel from
        using hospital records to impeach the star prosecution witness's testimony about
        how and when he had suffered a hand injury, where the defense theory was that
        the prosecution's witness had framed Mr. Newson for a crime he had himself
        committed, and during the course of which he had incurred the injury.

II.     Defendant was denied the effective assistance of trial counsel and due process as
        guaranteed under both the state and federal constitutions by the numerous errors
        counsel made.

        A.      Failure to investigate a substantial defense.

        B.      Defendant Newson was denied the effective assistance of counsel when
                trial counsel failed to request alibi and lesser included offenses
                instructions when the testimony and evidence presented required him to
                do so.

III.    Defendant Jabbar Newson was denied his state and federal constitutional rights to
        due process and a fair trial when the prosecutor and the police department
        committed misconduct.

IV.     This Court must reverse Jabbar Newson's convictions for second degree murder,
        assault with the intent to do great bodily harm, felony firearm, and enhancement
        for habitual because the prosecutor failed to produce sufficient evidence to
        support the elements of these charges and a verdict of guilty beyond a reasonable
        doubt thus violating his state and federal constitutional rights to fair and impartial
        trial.

The Michigan Supreme Court denied leave to appeal.  *People v. Newson*, 465 Mich. 969

(2002).

On March 6, 2003, Petitioner filed a petition for a writ of habeas corpus, presenting the

following claims:

I.      If the trial judge would have allowed defense attorney to confront and cross-
        examine the prosecution's star witness concerning his medical records, the jury
        would have learned that Yarnell Walker had been arrested for this crime and let
        go after he told police it was Newson-Bey.

II.     Trial attorney was ineffective.

3

Newson v. McKee, No. 03-cv-70958

III.    Critical evidence that was favorable to Petitioner was not produced.

IV.    There was not enough evidence to support a verdict of guilty because the prosecutor failed to prove every element of the charged crime.

Respondent filed a motion to dismiss on the ground that the petition contained unexhausted claims.  The Court issued an Opinion and Order Granting in Part Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus Without Prejudice (Order Granting Stay). The Court dismissed Petitioner's three unexhausted claims and stayed further proceedings as to Petitioner's remaining, exhausted claim.  The Court conditioned the stay upon Petitioner presenting his unexhausted claims to state court within thirty days of its Order Granting Stay and returning to this Court to request the stay be lifted within thirty days of exhausting state court remedies.  The Court also administratively closed the case.

On March 24, 2008, Petitioner filed a petition for a writ of habeas corpus.  The Court construed the petition for a writ of habeas corpus to include a request to reopen habeas corpus proceeding and lift the stay.  It was apparent from the face of the petition that Petitioner failed to file a motion to lift stay within thirty days of exhausting state court remedies; instead, he waited approximately three months to file a motion.  The Court, therefore, issued an Order to Show Cause directing Petitioner to show cause why the request to reopen and lift stay should not be denied for failure to comply with the requirements set forth in the Court's Order Granting Stay. In response to the Order to Show Cause, Petitioner stated that the delay in filing a motion was the result of his unfamiliarity with the law and his inability to find someone to assist him in preparing his motion.  Because Petitioner filed the motion only two months after the thirty day

Newson v. McKee, No. 03-cv-70958

period expired and because the delay was not attributable to bad faith, the Court granted the request to lift the stay and directed Respondent to file a responsive pleading.

Respondent has now filed an answer in opposition to the petition arguing that the petition is untimely because Petitioner not only failed to comply with the terms of the stay as set forth above, but also because he failed to comply with the terms of the stay requiring him to file a motion for relief from judgment in state court within thirty days of the Order Granting Stay. Petitioner waited until July 27, 2006 to file a motion for relief from judgment, over 2-1/2 years after the Court's Order Directing Stay was issued. Respondent argues, in the alternative, that Petitioner's claims are procedurally defaulted.

## II.  Discussion

Petitioner concedes that, absent equitable tolling, his petition was not timely filed because he waited over 2-1/2 years after these proceedings were stayed to file his motion for relief from judgment in state court. He argues, however, that equitable tolling is warranted in this case because he was unable to acquire assistance from a jailhouse lawyer, he is uneducated, and because he is actually innocent.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, __ U.S. __, __, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 594 U.S. 327, 336 (2007), *quoting Pace v. DiGuglielmo*, 544 U.S.

5

Newson v. McKee, No. 03-cv-70958

408, 418 (2005). The Sixth Circuit has identified the following five factors to be considered in

determining whether a habeas corpus petitioner is entitled to equitable tolling:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's
> lack of constructive knowledge of the filing requirement; (3) diligence in
> pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the
> petitioner's reasonableness in remaining ignorant of the legal requirement for
> filing his claim.

*Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004,) *citing Dunlap v. U.S.*, 250 F.3d 1001, 1008

(6th Cir. 2001). "These factors are not necessarily comprehensive and they are not all relevant in

all cases. Ultimately, the decision whether to equitably toll a period of limitations must be

decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal

citation omitted). A petitioner bears the burden of demonstrating that he is entitled to equitable

tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

There is no evidence that Petitioner was unaware of the filing deadline. The Court's

Order Granting Stay set forth specific time frames pursuant to which Petitioner was required to

proceed. That Petitioner is untrained in the law and is proceeding without a lawyer does not

warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling);

*Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal

assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal.1998)

(citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not

justify tolling). Petitioner is not entitled to equitable tolling of the statute of limitations based

upon his level of education or his inability to secure the services of a jailhouse lawyer.

6

Newson v. McKee, No. 03-cv-70958

The Sixth Circuit has held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir.2005). To support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (*quoting Schlup v. Delo*, 513 U.S. 298, 327-28, (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. "The *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (citation omitted). A court presented with new evidence must consider it in light of "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Id.*, 547 U.S. at 538 (citation omitted). "Based on this total record, the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" *Id.* (*quoting Schlup*, 513 U.S. at 329). This standard does not require absolute certainty about the petitioner's guilt or innocence:

> A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt – or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.

*House*, 547 U.S. at 538.

7

Newson v. McKee, No. 03-cv-70958

Petitioner presents no new reliable evidence in light of which it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt. Petitioner makes brief reference to his attorney's failure to investigate and present alibi witnesses. Petitioner fails to identify the alibi witnesses, either by name or relationship to him, or give any indication what their testimony would have been. Three witnesses identified Petitioner as the shooter, two in line-ups, the third at trial. The two witnesses who identified Petitioner in the line-ups previously viewed a line-up that did not include Petitioner, but included his cousin, Jerry Newson. Neither witness made any identification from that line-up. Given the evidence presented at trial and Petitioner's failure to identify the potential alibi witnesses or the substance of their anticipated testimony, the Court finds that Petitioner has not raised a credible claim of actual innocence and the petition is untimely.

### III.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue

Newson v. McKee, No. 03-cv-70958

a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

## IV. Conclusion

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period and that equitable tolling of the limitations period is not warranted.

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


                                    s/Arthur J. Tarnow_____

                                    Arthur J. Tarnow

Dated: January 14, 2011        Senior United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 14, 2011, by electronic and/or ordinary mail.

                                    S/Catherine A. Pickles_____

                                    Judicial Secretary